IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YOUNG H. KIM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:15-CV-1088-RP |
| HOSPIRA, INC., | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court in the above-styled cause is Defendant Hospira, Inc.'s Motion for Summary Judgment, (Dkt. 21), and Plaintiff Young H. Kim's response thereto. (Dkt. 23).[1] Having considered the parties' submissions, the factual record, and the relevant law, the Court finds that the motion should be granted.

**BACKGROUND**

This case involves alleged age and national-origin discrimination in employment. Plaintiff was an employee of Defendant Hospira, Inc. ("Hospira") until his employment was terminated in May 2015. Plaintiff is Korean-American and was sixty-nine years old at the time of his termination. Though not entirely clear, Plaintiff's principal allegations appear to be that he was wrongly blamed for mistakes made by someone else at his work. Management at Hospira then allegedly gave him a "final written warning" for the errors despite insufficiently investigating who committed them. On two later occasions, Plaintiff was sent home early by managers after they again accused him of making mistakes. On the second such occasion, he was instructed not to return to work until

---

[1] Although Plaintiff styled his response as a "Motion for Summary Judgement and Brief in Support," he indicates that his submission is "[i]n Response to Defendant's Motion for Summary Judgement and Brief in Support." (Dkt. 23, at 1). As Plaintiff's filing does not request any relief and was filed after the deadline for dispositive motions, the Court views it exclusively only as a response to Plaintiff's motion.

requested by Hospira. It appears he was not asked to return to work before his employment was terminated on or around May 15, 2015. Plaintiff alleges that the real reasons for his termination were his age and national origin, in violation of federal law prohibiting age and national-origin discrimination in employment.[2]

Hospira filed its motion for summary judgment on May 4, 2017. It argues that Plaintiff lacks evidence to establish a *prima facie* case of discrimination and that he also lacks evidence suggesting that Hospira's reasons for his terminations were pretextual. Plaintiff responded on May 17, 2017, generally denying certain arguments put forth by Hospira. Plaintiff attached no evidence to his filing.

## LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87

---

[2] Although Plaintiff checked a box indicating that the Hospira agents had harassed him, his allegations in this respect are limited to the adverse employment actions taken against them. Accordingly, the Court views the allegations as supporting Plaintiff's age and national-origin discrimination claims rather than as raising a distinct claim.

2

(1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). The court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## DISCUSSION

In cases like the present one, where a plaintiff relies on circumstantial evidence to substantiate an employment discrimination claim, courts employ the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002). Under this framework, the plaintiff bears the initial burden of establishing a prima *facie case* of discrimination. *Machinchick v. PB Power, Inc.*, 389 F.3d 345, 350 (5th Cir. 2005). The elements of the plaintiff's *prima facie* case may vary depending on the circumstances. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). Once the plaintiff makes this initial showing, the burden of production shifts to the employer to show that it had a legitimate and non-discriminatory reason for the adverse employment action. *Id.* The burden then shifts back to the plaintiff to make an ultimate showing of discrimination by establishing either (1) that the employer's stated reason was a pretext for discrimination, or (2) that the employer's reason, while true, was only one reason for the adverse action, with discrimination remaining a "motivating factor." *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011).

Hospira argues that Plaintiff has no evidence to establish a *prima facie* case of discrimination or that its legitimate, non-discriminatory reason for terminating Plaintiff's employment was pretextual. The Court will consider each of Plaintiff's two claims in turn.

3

1.  **Age Discrimination**

To make a prima facie showing of discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the plaintiff must show: (1) that he was discharged; (2) he was qualified for the position at issue; (3) he was within the protected class at the time of discharge; and (4) he was either (i) replaced by someone outside the protected class; (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. *Machinchick*, 398 F.3d at 350.

Hospira asserts that Plaintiff has no evidence to substantiate the fourth element. Plaintiff has not alleged—or provided evidence to substantiate—that he was replaced by someone younger or otherwise outside the protected class. In fact, he has suggested that he is unaware of Hospira's hiring practices after his termination. (*See* Kim Dep., Dkt. 21-2, at 135:20-23). Additionally, Hospira points to portions of Plaintiff's deposition in which he asserts that he was treated less favorably than younger coworkers but disclaims knowledge of whether their disciplinary histories were similar to his own. (*See id.* at 88:9–89:19). Plaintiff did not respond to this point in Hospira's motion for summary judgment. His response only asserts that he made no mistakes and that Hospira's management failed to follow its own policies prior to his termination.

A plaintiff may establish the fourth element of his *prima facie* case of age discrimination by showing disparate treatment. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007). However, to do so, the plaintiff must present a comparator employee that is similarly situated to him. *Hoffman v. Baylor Health Care Sys.*, 597 F. App'x 231, 235 (5th Cir. 2015). This generally requires the plaintiff to show that the disparate treatment of the comparator employee happened under "nearly identical" circumstances. *Berquist*, 500 F.3d at 353. "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor . . . and

4

have essentially comparable violation histories." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).

Plaintiff has offered three employees as comparators: George Griggs, Binh Mach, and Trung Pharm-Dang. Plaintiff believes that these employees are younger than he is—in their forties or fifties—and he asserts that only he was sent home or terminated for the mistakes at issue. However, though the record suggests that these individuals had similar responsibilities and supervisors, Plaintiff admittedly lacks evidence that any of these employees had a substantially similar disciplinary history. (Kim Dep., Dkt 21-2, at 89:11-19). Without such evidence, the Court cannot conclude that these other employees were similarly situated to Plaintiff and therefore the alleged disparate treatment is not probative of a discriminatory motive. *Hoffman*, 597 F. App'x at 235.

Because Plaintiff has put forward no evidence beyond his allegations to establish that he was replaced by a younger employee or was otherwise terminated because of his age, as evidenced by disparate treatment, he has not carried his burden of establishing a *prima facie* case of discrimination. Accordingly, Hospira is entitled to summary judgment on Plaintiff's age discrimination claim.

2.     **National Origin Discrimination**

In order to establish a *prima facie* case of national-origin discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, a plaintiff must show that he was (1) a member of a protected class; (2) qualified for the position he held; (3) subjected to an adverse employment action; and (4) treated differently from others who were similarly situated. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005).

As to this claim, Plaintiff relies on the same allegations that support his age discrimination claim and Hospira attacks Plaintiff's claim on the same basis. More specifically, Plaintiff does not allege that he was replaced by a non-Korean employee but instead asserts that Griggs, Mach, and Pharm-Dang—each believed to be non-Korean—were treated more favorably than he was. Hospira,

on the other hand, again argues that Plaintiff has not established that these other employees are sufficiently similar to Plaintiff to be valid comparators. The showing required here is the same as for Plaintiff's age discrimination claim—Plaintiff must demonstrate that the employment actions were taken under "nearly identical" circumstances. *See Lee*, 574 F.3d at 259. As stated above, since Plaintiff has disclaimed possession of any evidence of the other employees' disciplinary histories, he cannot establish that he and the other employees are similarly situated so as to permit the Court to infer discriminatory animus. *See Hoffman*, 597 F. App'x at 235.

Because Plaintiff has premised his Title VII claim on disparate treatment but has not put forth adequate comparators, his claim fails as a matter of law. Hospira is therefore entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Dkt. 21).

**IT IS THEREFORE ORDERED** that Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**SIGNED** on May 30, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE